UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gregory Pittman Marvin, #153856, | ) C/A No. 8:05-1228-CMC-BHH |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Report and Recommendation |
| | ) |
| Tom Fox, Director; and | ) |
| Phillip Thompson, Horry County Sheriff | ) |
| | ) |
| Defendants. | ) |
| | ) |

The plaintiff, Gregory Pittman Marvin (Plaintiff), proceeding *pro se*, brings this action

pursuant to 42 U.S.C. § 1983.[1]  Plaintiff is detained at the J. Rueben Long Detention Center in Horry

County, and files this action *in forma pauperis* under 28 U.S.C. § 1915.  Plaintiff claims that while

detained at the Horry County detention center, he was assaulted by other detainees, which he was

later housed with again.  Plaintiff also claims he was denied prescribed medication and he continues

to have pain and difficulty with his jaw, which are not being addressed.  The complaint names as

defendants the director of the detention center and the sheriff of Horry County.  Plaintiff seeks

monetary damages.  The complaint should be dismissed for failure to state a claim against the named

defendants.

<u>*Pro Se* and *In Forma Pauperis* Review</u>

Under established local procedure in this judicial district, a careful review has been made of

the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A;

---

[1] Pursuant to the provisions of  28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d),
D.S.C., the undersigned is authorized to review such complaints for relief and submit findings
and recommendations to the District Court.

and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996).  This review has been conducted in light of the following precedents:  Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious."  § 1915(e)(2)(B)(i), (ii).  A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact."  Denton v. Hernandez, 504 U.S. 25, 31 (1992).  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*.  Neitzke v. Williams, 490 U.S. 319 (1989); Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, Estelle v. Gamble, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 9 (1980) (*per curiam*).  Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411, 417-18 (7th Cir.

2

1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, (4th Cir. 1990).

<u>Discussion</u>

The complaint alleges that when Plaintiff entered the detention center, he was placed in a four man cell with six men already in the cell, and within a few hours he was assaulted "for no apparent reason." Complaint at 3. Although he was moved to another area, three weeks later the three men involved in assaulting him were placed in the same area ("pod"). After the assault Plaintiff was taken to the hospital emergency room. The hospital took x-rays, a "cat scan," and Plaintiff was prescribed pain medication for his injured jaw. Plaintiff alleges he was given the prescribed pain medication only once after returning from the emergency room, although he has remained in pain since the assault. Plaintiff was also taken to a dentist, who extracted two teeth on the side of the mouth that was injured. Plaintiff claims he is still in pain and has difficulty opening and closing his mouth due to his injured jaw, but has failed to receive medical attention.

In order to state a claim for damages under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he was injured by "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; Monroe v. Page, 365 U.S. 167 (1961). Plaintiff's narrative of his claim makes no mention of any involvement by the Defendants in the facts of this case. The complaint makes no personal allegations against Defendants Fox and Thompson. The complaint simply states that the Defendants

are "directly responsible for the medical staff and the operations" of the detention center.  As the complaint is silent concerning the Defendants' personal involvement in the allegations of the complaint, liability under § 1983 may not be imposed upon them. *See* Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1999) ("Liability under § 1983 must be based on the personal involvement of the defendant."), *cert. denied*, 525 U.S. 1154 (1999); Wilson v. Cooper, 922 F. Supp. 1286, 1293 (N.D. Ill. 1996).  *See also* Horton v. Marovich, 925 F. Supp. 540 (N.D. Ill. 1996) ("Thus, a plaintiff suing a government official in his individual capacity and therefore seeking to hold the official personally liable must show that the official personally caused or played a role in causing the deprivation of a federal right.").

In as much as the complaint could be construed to claim the Defendants Fox and Thompson are liable in a type of supervisory capacity, the action fails.  Liability cannot be imposed on the Defendants on the basis of actions taken by other officials or employees at the Horry County detention center.  It is well-settled that the doctrine of vicarious liability and the doctrine of respondeat superior are not applicable in § 1983 actions. Vinnedge v. Gibbs, 550 F.2d 926, 927-929 (4th Cir. 1977); *See* Polk County v. Dodson, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a respondeat superior theory of liability.") (citing Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978)).  Section 1983 liability on the part of a supervisory defendant requires a showing that the supervisory defendant tacitly authorized or was indifferent to the prison official's actions which violate constitutional rights. Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990).  Plaintiff makes no factual allegations against the Defendants Fox and Thompson to indicate either their authorization or indifference to individual actions which violated Plaintiff's federal rights.  Plaintiff has failed to state allegations against the Defendants, so the Defendants Fox and Thompson

4

should be dismissed as party defendants in this case. Plaintiff fails to state a claim against the named Defendants, so the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

<u>Recommendation</u>

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See* <u>Denton v. Hernandez</u>, <u>supra</u>; <u>Neitzke v. Williams</u>, <u>supra</u>; <u>Haines v. Kerner</u>, <u>supra</u>; <u>Brown v. Briscoe</u>, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993); <u>Boyce v. Alizaduh</u>, <u>supra</u>; <u>Todd v. Baskerville</u>, <u>supra</u>, 712 F.2d at 74; 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal].

The plaintiff's attention is directed to the notice on the following page.

s/Bruce H. Hendricks
United States Magistrate Judge

May 4, 2005
Greenville, South Carolina

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service.  28 U.S.C. § 636 and Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.  A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections.  **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.**  *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D.Utah 1995).  Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991).  *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless.  * * *  This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  * * *  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review.  * * *  A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046  (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").  **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.**  *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**P. O. Box 10768**
**Greenville, South Carolina 29603**